# EXHIBIT D



Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 19, 2020

John E. Failla
Member of the Firm
d +1.212.969.3141
f 212.969.2900
jfailla@proskauer.com
www.proskauer.com

VIA EMAIL (klemma1@nationwide.com)

Amelia L. Klemme
Commercial Casualty Complex Loss Consultant
Nationwide Insurance Company
P.O. Box 182068
Columbus, OH 43218-2068

| | | |
|---|---|---|
| Re: | Insured: | WTA Tour Inc. – D/B/A Sony Ericsson WTA Tour |
| | Insurer: | Depositors Insurance Company ("Depositors") |
| | Policy Nos.: | ACP BPFD 3036980284 |
| | | ACP CAA 3036980284 (the "Policies") |
| | Claim No: | 723963-GH |
| | Matter: | *Madison Brengle v. WTA Tour Inc.* |

Dear Ms. Klemme,

We write on behalf of Depositors' Insured WTA Tour Inc. (the "WTA") in response to your letter dated May 14, 2020. The WTA appreciates that Depositors has reversed its coverage denial decision expressed in its letter dated October 2, 2018 and, after reviewing WTA's correspondence of December 18, 2018, agreed to provide a defense against this claim in its letter dated August 23, 2019. WTA accepts Depositors' agreement to provide a defense against the Brengle lawsuit and related arbitration, subject to the matters raised in this correspondence and in our December 18, 2018 correspondence.

As an initial matter, attached is a full set of the defense invoices on this matter to date. Please accept my apologies as I thought you had received most of these already. The chart below is a listing of these invoices.



Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, DC



Amelia L. Klemme
May 19, 2020
Page 2



As regards the status of the matter, as you know, Brengle initially filed suit against the WTA in Florida state court in April 2018.  The WTA tendered notice of this suit to Depositors.  The WTA moved to compel arbitration pursuant to binding arbitration provisions in the WTA Rules.  Brengle then filed her arbitration demand, which also was tendered to Depositors.





Amelia L. Klemme
May 19, 2020
Page 3



All of this has now been put on hold, however.  The WTA filed a motion for summary disposition on May 2, 2019.   Within a couple weeks of that filing, Brengle's lawyer requested that the WTA agree to a stay pending Brengle's pursuit of claims against other parties, including the ITF and IDTM.  The WTA agreed to a stay, and the Chair of the arbitration panel subsequently stayed the arbitration upon consent.   (These papers are attached.)  Following the conclusion of Brengle's pursuit of claims against those non-WTA defendants, Brengle has the option of recommencing her arbitration against the WTA.  If she chooses that option, the arbitration must be conducted using the same rules and procedures as governed pre-stay and, assuming our panel remains available to serve as arbitrators, using the same panel.  The arbitration remains stayed as against WTA.

If you wish to discuss these matters further, we can arrange a call with Matt Triggs at your convenience.

Finally, turning to Depositors' reservation of rights, WTA takes issue with and objects to several points in Depositors' October 23, 2019 correspondence.  First, WTA disagrees with Depositors' analysis of the coverage provisions and exclusions in the primary policy and the umbrella policy, and objects to Depositors' reservation of rights on those issues on pages 14 and 15 of Depositors' October 23, 2019 correspondence.  WTA directs Depositors to its correspondence of December 18, 2018 for a more fulsome discussion of these issues.  WTA addressed each of these points in that correspondence and Depositors has offered no rebuttal to that analysis.

Second, WTA objects to Depositors' reservations on page 15 of its October 23, 2019 correspondence to (i) allocate defense costs or withdraw from the defense if Depositors believes that certain claims are not covered; (ii) seek payment or contribution from WTA for these purported uncovered claims; and (iii) seek reimbursement from WTA for any payments made for defense or indemnity.  Such reservations violate applicable law and are inconsistent with the provisions of the policies and WTA does not agree to Depositors' reservations.



Amelia L. Klemme
May 19, 2020
Page 4

The Insured demands that Depositors reimburse WTA for Defense Costs that WTA has incurred as submitted in accordance with the terms of the Policies and continue to do so until this matter is concluded.  Please contact me if you have questions or if you would like to discuss this matter further.

We look forward to Depositors' prompt response to this letter.  The Insured reserves all rights, claims, and causes of action under the Policies, applicable law, common law, and statutes.

Sincerely,

*John E. Failla*

John E. Failla

Attachments