UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 8:21-cv-01069-VMC-JSS

DEPOSITORS INSURANCE COMPANY and
ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY,

    Plaintiffs,

v.

WTA TOUR, Inc., a corporation, and
MADISON BRENGLE, and individual,

    Defendants.
_____/

## JOINT MOTION FOR MODIFIED SCHEDULING ORDER

Plaintiffs Depositors Insurance Company ("Depositors") and Allied Property & Casualty Insurance Company ("Allied") (collectively "Plaintiffs") and Defendant WTA Tour, Inc. ("WTA"), by and through their respective counsel and pursuant to Federal Rule of Civil Procedure 16, move the Court for entry of a scheduling order that expedites timeframes for filing dispositive motions and stays case management and discovery requirements until after ruling on such motions. In support of this Motion, the parties state the following:

1.    By way of their Complaint, Plaintiffs seek a declaration that neither Depositors nor Allied have a duty to defend WTA in an action brought by Madison Brengle against WTA (the "Underlying Action"). *See* ECF No. 1.

2. In turn, WTA has filed a Counterclaim, seeking damages from Depositors' failure to defend WTA in the Underlying Action, as WTA maintains is required by the parties' insurance contract. *See* ECF No. 9.

3. Thus, a central issue raised through these pleadings is whether Plaintiffs have a duty to defend WTA in the Underlying Action.

4. Considering the issue of Plaintiffs' duty to defend is a pure legal issue that may be resolved based upon the pleadings and the attached exhibits (which include the arbitration demand from the Underlying Action and the applicable insurance policies), the parties propose an Amended Scheduling Order requiring the filing of dispositive motions at an early stage.

5. In the meantime, the parties agree not to exchange initial disclosures as described in Federal Rule of Civil Procedure 26(a)(1).

6. The parties also request that the Court enter an Order (1) adopting the proposed amended scheduling order, as described below, and (2) staying all case management deadlines and discovery requirements until the Court has ruled on the parties' cross motions for judgment on the pleadings.

7. Proceeding under the proposed scheduling order will expedite the resolution of a central issue to this litigation, while simultaneously reducing the parties' costs and fees.

8. Accordingly, utilizing its inherent discretion to manage its docket[1], the parties request that the Court set the following Modified Scheduling Order:

- Within sixty (60) days of the granting of this Motion, the parties shall file cross motions for judgment on the pleadings regarding Plaintiffs' duty to defend WTA in the Underlying Action.

- The parties shall respond to the cross motions within fourteen (14) days of their filing.

- Any reply shall be filed within fourteen (14) days of the filing of the applicable response.

- Within seven (7) days of the Court's ruling on the cross motions for judgment on the pleadings, the parties will file a joint status report regarding any outstanding issues in this litigation.

**WHEREFORE** the parties respectfully request that the Court enter a Scheduling Order conforming with the schedule proposed in this Motion[2], and grant such further and additional relief as this Court deems just and proper.

/s/ *Ronald L. Kammer*
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Edward T. Sylvester

---

[1] *See, e.g.*, *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

[2] The parties can provide a proposed scheduling order if that would assist the Court. However, in view of Local Rule 3.01(f) and this Court's practices, the parties have not included a proposed scheduling order with this Motion.

Florida Bar No. 051612
esylvester@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard, Fourth Floor
Coral Gables, Florida 33134-6044
(T): 305-358-7747 (F): 305-577-1063
*Counsel for Plaintiffs Depositors Insurance*
*Company and Allied Property and Casualty Insurance Company*

*/s/ Jared DuBosar*
Matthew Triggs
Florida Bar No. 865745
Jared M. DuBosar
Florida Bar No. 1011630
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421A
Boca Raton, FL 33431
Tel: (561) 241-7400
Fax: (561) 241-7145
E-Mail: mtriggs@proskauer.com
E-Mail: jdubosar@proskauer.com
Secondary: florida.litigation@proskauer.com

John E. Failla*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: jfailla@proskauer.com

*Admitted *Pro Hac Vice*.

*Attorneys for Defendant WTA Tour, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

                                        */s/ Jared DuBosar*
                                        Jared DuBosar