UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-01069-VMC-JSS

DEPOSITORS INSURANCE COMPANY,
and ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY

    Plaintiffs,

vs.

WTA TOUR, INC., a corporation, and
MADISON BRENGLE, an individual

    Defendants.

_____/

# DEPOSITORS INSURANCE COMPANY'S ANSWER TO WTA TOUR, INC.'S COUNTERCLAIM

Plaintiff/Counter-Defendant, Depositors Insurance Company ("Depositors") answers the Counterclaim filed by WTA Tour, Inc. ("WTA") as follows:

## NATURE OF THE ACTION

1. Depositors denies the allegations in paragraph 1.

2. Depositors admits that on August 23, 2019, Depositors and Allied Property & Casualty Insurance Company ("Allied") offered a defense to WTA—subject to various material reservations of rights ("Conditional Defense")—for

1

the Arbitration Demand by Ms. Brengle against WTA in the matter captioned, *Brengle v. WTA Tour, Inc.* ("Demand"), and such Conditional Defense was accepted by WTA. True and correct copies of the Demand and Conditional Defense are attached to the Complaint for Declaratory Judgment ("Complaint") filed by Depositors and Allied [DE 1-4, DE 1-5]. In all other respects, Depositors denies the allegations in paragraph 2.

3. Depositors denies the allegations in paragraph 3.

## PARTIES

4. Depositors admits the allegations in paragraph 4 for jurisdictional purposes only. In all other respects, Depositors denies the allegations in paragraph 4.

5. Depositors admits the allegations in paragraph 5 for jurisdictional purposes only. In all other respects, Depositors denies the allegations in paragraph 5.

## JURISDICTION AND VENUE

6. Depositors admits the allegations in paragraph 6 for jurisdictional purposes only. In all other respects, Depositors denies the allegations in paragraph 6.

7. Depositors admits that it is, and was at all times material hereto, authorized to conduct business in the State of Florida. Depositors further admits

that it, along with Allied, filed the above-described Complaint. In all other respects, Depositors denies the allegations in paragraph 7.

8.     Depositors admits that jurisdiction is proper in the Middle District of Florida. Depositors further admits that it is, and was at all times material, authorized to conduct business in the State of Florida. In all other respects, Depositors denies the allegations in paragraph 8.

## FACTUAL ALLEGATIONS

### I.     The Underlying Action

9.     To the extent WTA's reference to "the Underlying Action" in paragraph 9 concerns the above-described Demand [DE 1-4], Depositors states that such Demand speaks for itself. To the extent the allegations of paragraph 9 are inconsistent with the Demand—or to the extent WTA's reference to "the Underlying Action" concerns an action other than the Demand—Depositors denies the allegations in paragraph 9.

#### A.     *Procedural History*

10.    The referenced complaint speaks for itself. To the extent the allegations in paragraph 10 are inconsistent with the referenced complaint, Depositors denies the allegations in paragraph 10. Depositors denies the remaining allegations in paragraph 10.

1017865\308304185.v1

11. The referenced removal speaks for itself. To the extent the allegations in paragraph 11 are inconsistent with the referenced removal, Depositors denies the allegations in paragraph 11. Depositors denies the remaining allegations in paragraph 11.

12. The referenced motion to compel arbitration speaks for itself. To the extent the allegations in paragraph 12 are inconsistent with the referenced motion to compel arbitration, Depositors denies the allegations in paragraph 12.

13. The referenced motion to sever speaks for itself. To the extent the allegations in paragraph 13 are inconsistent with the referenced motion to sever, Depositors denies the allegations in paragraph 13. Depositors is without knowledge as to o the remaining allegations in paragraph 13.

14. The referenced court orders speaks for themselves. To the extent the allegations in paragraph 14 are inconsistent with the referenced court orders, Depositors denies the allegations in paragraph 14.

15. The referenced Demand speaks for itself. To the extent the allegations in paragraph 15 are inconsistent with the referenced Demand, Depositors denies the allegations in paragraph 15.

**B.** *Factual Allegations*

16. The referenced Demand speaks for itself. To the extent the allegations in paragraph 16 are inconsistent with the referenced Demand, Depositors denies the allegations in paragraph 16.

17. The referenced Demand speaks for itself. To the extent the allegations in paragraph 17 are inconsistent with the referenced Demand, Depositors denies the allegations in paragraph 17. In all other respects, Depositors denies the allegations in paragraph 17.

18. The referenced Demand speaks for itself. To the extent the allegations in paragraph 18 are inconsistent with the referenced Demand, Depositors denies the allegations in paragraph 18.

19. The referenced Demand speaks for itself. To the extent the allegations in paragraph 19 are inconsistent with the referenced Demand, Depositors denies the allegations in paragraph 19.

20. The referenced Demand speaks for itself. To the extent the allegations in paragraph 20 are inconsistent with the referenced Demand, Depositors denies the allegations in paragraph 20.

21. The referenced Demand speaks for itself. To the extent the allegations in paragraph 21 are inconsistent with the referenced Demand, Depositors denies the allegations in paragraph 21.

1017865\308304185.v1

22. The referenced Demand speaks for itself. To the extent the allegations in paragraph 22, including the allegations in footnote 3, are inconsistent with the referenced Demand, Depositors denies the allegations in paragraph 22.

23. The referenced Demand speaks for itself. To the extent the allegations in paragraph 23 are inconsistent with the referenced Demand, Depositors denies the allegations in paragraph 23.

**II.    The Relevant Insurance Policy**

24. Depositors admits that it issued a Premier Businessowners Policy to WTA, with policy number ACP BPOD 3016980284, which has effective dates from January 1, 2016 to January 1, 2017 ("Policy"). A true and correct copy of the Policy is attached to the Complaint filed by Depositors and Allied [DE 1-2]. In all other respects, Depositors denies the allegations in paragraph 24.

25. The referenced Policy speaks for itself. To the extent the allegations in paragraph 25 are inconsistent with the referenced Policy, Depositors denies the allegations in paragraph 25.

26. The referenced Policy speaks for itself. To the extent the allegations in paragraph 26 are inconsistent with the referenced Policy, Depositors denies the allegations in paragraph 26.

1017865\308304185.v1

27. The referenced Policy speaks for itself. To the extent the allegations in paragraph 27 are inconsistent with the referenced Policy, Depositors denies the allegations in paragraph 27.

28. Depositors denies the allegations in paragraph 28.

### III. Communications with Depositors

29. Depositors denies the allegations in paragraph 29.

30. The referenced October 2 Letter speaks for itself, including the attached Exhibit A [DE 9-1]. To the extent the allegations in paragraph 30 are inconsistent with the referenced October 2 Letter, including the attached Exhibit A [DE 9-1], Depositors denies the allegations in paragraph 30. In all other respects, Depositors denies the allegations in paragraph 30, including footnote 4.

31. The referenced December 18 Letter speaks for itself, including the attached Exhibit B [DE 9-2]. To the extent the allegations in paragraph 31 are inconsistent with the referenced December 18 Letter, including the attached Exhibit B [DE 9-2], Depositors denies the allegations in paragraph 31. In all other respects, Depositors denies the allegations in paragraph 31.

32. Depositors admits that it issued correspondence to WTA's counsel on December 19, 2018, and such correspondence speaks for itself. In all other respects, Depositors denies the allegations in paragraph 32.

33. Depositors admits that it issued correspondence on February 15, 2019, and such correspondence speaks for itself. In all other respects, Depositors denies the allegations in paragraph 33.

34. Depositors is without knowledge as to the allegations in paragraph 34.

35. The referenced August 23, 2019 reservation of rights letter, including Exhibit D to the Complaint [DE 1-5] speaks for itself. To the extent the allegations in paragraph 35 are inconsistent with the referenced August 23, 2019 reservation of rights letter, including Exhibit D to the Complaint [DE 1-5], Depositors denies the allegations in paragraph 35. Depositors denies the remaining allegations in paragraph 35.

36. The referenced May 14 Letter, including Exhibit C [DE 9-3], speaks for itself. To the extent the allegations in paragraph 36 are inconsistent with the referenced May 14 Letter, including Exhibit C [DE 9-3], Depositors denies the allegations in paragraph 36.

37. The referenced May 19 Letter, including Exhibit D [DE 9-4], speaks for itself. To the extent the allegations in paragraph 37 are inconsistent with the referenced May 19 Letter, including Exhibit D [DE 9-4], Depositors denies the allegations in paragraph 37.

38. Depositors admits WTA attached invoices with its May 19 Letter; a letter which contained—nine months after the reservation of rights letter from Depositors and Allied—purported rejections of various reservations of rights, including the reservation of rights regarding reimbursement of defense fees. In all other respects, Depositors denies the allegations in paragraph 38.

39. The referenced May 19 Letter speaks for itself. To the extent the allegations in paragraph 39 are inconsistent with the referenced May 19 Letter, Depositors denies the allegations in paragraph 39. Depositors denies the remaining allegations in paragraph 39.

40. Depositors admits that it received correspondence from WTA's counsel on June 12, 2020, and such correspondence speaks for itself. In all other respects, Depositors denies the allegations in paragraph 40.

41. Depositors admits that it issued correspondence to WTA's counsel on June 26, 2020, and such correspondence speaks for itself. In all other respects, Depositors denies the allegations in paragraph 41.

42. Depositors admits that it received correspondence from WTA's counsel on August 31, 2020, and such correspondence speaks for itself. In all other respects, Depositors denies the allegations in paragraph 42.

43. Depositors admits that it received correspondence from WTA's counsel on September 22, 2020, and such correspondence speaks for itself. In all other respects, Depositors denies the allegations in paragraph 43.

44. Depositors admits that it issued correspondence to WTA's counsel on September 25, 2020 without payment, and such correspondence speaks for itself. In all other respects, Depositors denies the allegations in paragraph 44.

45. The referenced September 25 Letter, including Exhibit E [DE 9-5], speaks for itself. To the extent the allegations in paragraph 45 are inconsistent with the referenced September 25 Letter, including Exhibit E [DE 9-5], Depositors denies the allegations in paragraph 45. Depositors denies the remaining allegations in paragraph 45.

46. The referenced September 25 Letter, including Exhibit E [DE 9-5], speaks for itself., and such correspondence speaks for itself. In all other respects, Depositors denies the allegations in paragraph 46.

47. The referenced October 9 Letter, including Exhibit F [DE 9-6], speaks for itself. To the extent the allegations in paragraph 47 are inconsistent with the referenced October 9 Letter, including Exhibit F [DE 9-6], Depositors denies the allegations in paragraph 47. Depositors denies the remaining allegations in paragraph 47.

48. Depositors admits that it filed the present action since and that it has not paid for any fees and costs since none are owed. Depositors denies the remaining allegations in paragraph 48.

## COUNT I: BREACH OF CONTRACT

49. Depositors realleges its responses contained in paragraphs 1 through 48 as its response to paragraph 49.

50. Depositors denies the allegations in paragraph 50.

51. Depositors denies the allegations in paragraph 51.

52. Depositors denies the allegations in paragraph 52.

53. Depositors denies the allegations in paragraph 53.

WHEREFORE, WTA is not entitled to judgment in its favor or for any other relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Depositors offered a defense to WTA, subject to various material reservations of rights ("Conditional Defense"), and such Conditional Defense was accepted by WTA by virtue of WTA's nine months of silence following receipt of the Conditional Defense. The August 23, 2019 Conditional Defense is attached to the Complaint [ DE 1-5]. Accordingly, WTA has either waived or is estopped from rejecting this conditional defense and in bringing this counterclaim.

2. WTA's acceptance of the Conditional Defense precludes WTA from rejecting any material reservations of rights—whether piecemeal or otherwise—including the following material reservation of rights within the Conditional Defense: "Depositors may seek payment or contribution from the WTA or others for those uncovered claims in connection with the defense, settlement, or satisfaction of any judgments obtained against the WTA. Depositors and Allied also reserve the right to seek reimbursement for all or a part of any such payments." Accordingly, WTA has either waived or is estopped from rejecting this conditional defense and in bringing this counterclaim

3. WTA's acceptance of the Conditional Defense, including the material reservation of rights described in Depositors' Affirmative Defense number 2, eliminates Depositors' duty to pay the identified invoices unless, or until, there is a determination that Depositors owed WTA a duty to defend. Accordingly WTA's breach of contract claim fails to state a legally cognizable cause of action.

1017865\308304185.v1

4. Because the Professional Services exclusion in the Policy precludes coverage to WTA, Depositors neither owed, nor owes, WTA a duty to defend.

Respectfully submitted,

/s/ *Edward T. Sylvester*
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Edward T. Sylvester
Florida Bar No. 051612
esylvester@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard, 4th Fl
Coral Gables, Florida 33134-6044
(T): 305-358-7747 – (F): 305-577-1063
*Depositors Insurance Company* and *Allied Property & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants and I certify that a copy has been mailed to Defendant, Madison Brengle, 3609 45th Terrace West, Unit 101, Bradenton, Florida 34210.

s/ *Edward T. Sylvester*
Edward T. Sylvester
Florida Bar No. 051612
esylvester@hinshawlaw.com

13