UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 8:21-cv-01069-VMC-JSS

DEPOSITORS INSURANCE COMPANY and
ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY,

      Plaintiffs,

v.

WTA TOUR, Inc., a corporation, and
MADISON BRENGLE[1], and individual,

      Defendants.
_____/

## JOINT MOTION FOR CLARIFICATION OF THE COURT'S JUNE 30, 2021 ENDORSED ORDER ECF No. 24

      Plaintiffs Depositors Insurance Company ("Depositors") and Allied Property & Casualty Insurance Company ("Allied") (collectively "Plaintiffs") and Defendant WTA Tour, Inc. ("WTA"), jointly move for clarification of the Court's Endorsed Order Granting the Parties' Joint Motion for a Modified Scheduling Order, ECF No. 24. In support of this Motion, the parties state:

      1.    By way of their Complaint, Plaintiffs seek a declaration that neither Depositors nor Allied have a duty to defend WTA in an action brought by Madison Brengle against WTA (the "Underlying Action"). *See* ECF No. 1.

---

[1] Pursuant to a joint stipulation filed by Plaintiffs and Defendant Madison Brengle, Brengle has been dismissed from this action with prejudice. *See* ECF No. 21; ECF No. 25.

2. In turn, WTA has filed a Counterclaim, seeking damages resulting from Depositors' failure to defend WTA in the Underlying Action. *See* ECF No. 9.

3. Recognizing that the issue of Plaintiffs' duty to defend is a pure legal issue that may be resolved upon the pleadings and the attached exhibits, the parties proposed an amended scheduling order requiring the filing of dispositive motions at an early stage. *See* ECF No. 17.

4. Specifically, the parties proposed filing cross motions for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), to determine whether Plaintiffs had a duty to defend WTA in the Underlying Action. *See id.*

5. In the interim and until the Court rendered a ruling on the cross motions, the parties requested a stay of their obligation to exchange initial disclosures, discovery, and any other deadline, hearing, or case management requirement imposed by this Court's Local Rules and the Federal Rules of Civil Procedure.

6. On June 30, 2021, the Court granted the joint motion. *See* ECF No. 24. The Court's order (the "Order"), in its entirety, provides:

> ENDORSED ORDER granting the parties' joint motion for a modified scheduling order. (Doc. # [17]). The Court will enter a scheduling order with the requested timeline. However, the parties are advised that the Court's requirements for summary judgment motions are on Judge Covington's page of the Court's website at www.flmd.uscourts.gov. Absent the Court's permission, a party may only file one motion for summary judgment. Therefore, while both parties may file their dispositive motions within sixty days of this Order, this will be the parties' only opportunity to do so. The parties will not be permitted to move for summary judgment at a later date in the proceedings. Signed by Judge Virginia M. Hernandez Covington on 6/30/2021.

*Id.*

7. The parties seek clarification of this Order in two respects. First, because the endorsed order refers to summary judgment motions (as opposed to motions for judgment on the pleadings, which are brought pursuant to Federal Rule of Civil Procedure 12(c)), the parties seek to clarify whether the Court has granted the request to file Rule 12(c) motions for judgment on the pleadings, which would not preclude later summary judgment motions, should they be necessary.

8. Second, the parties seek clarification regarding whether the Court intended to grant the parties' request to stay the exchange of initial disclosures, discovery, and all other case management requirements pending this Court's ruling on the cross motions for dispositive relief.

9. For the reasons set forth in the Joint Motion for Modified Scheduling Order, ECF No. 17, the parties believe proceeding in such a manner is in the interest of judicial efficiency and economy and will prevent the parties from expending unnecessary costs.

**WHEREFORE** the parties respectfully request that the Court enter an order clarifying that cross motions for judgment on the pleadings pursuant to Rule 12(c) shall be filed and, until such motions are ruled upon, all discovery and case management requirements are stayed.

*/s/ Ronald L. Kammer*
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard, Fourth Floor

Coral Gables, Florida 33134-6044
(T): 305-358-7747 (F): 305-577-1063
*Counsel for Plaintiffs Depositors Insurance
Company and Allied Property and Casualty Insurance Company*

*/s/ Matthew Triggs*
Matthew Triggs
Florida Bar No. 865745
Jared M. DuBosar
Florida Bar No. 1011630
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421A
Boca Raton, FL 33431
Tel: (561) 241-7400
Fax: (561) 241-7145
E-Mail: mtriggs@proskauer.com
E-Mail: jdubosar@proskauer.com
Secondary: florida.litigation@proskauer.com

John E. Failla*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: jfailla@proskauer.com

*Admitted *Pro Hac Vice*.

*Attorneys for Defendant WTA Tour, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

<i>/s/ Matthew Triggs</i><br>Matthew Triggs