UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-01069-VMC-JSS

DEPOSITORS INSURANCE COMPANY,
and ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY
    Plaintiffs,

vs.

WTA TOUR, INC., and
MADISON BRENGLE,
    Defendants.

_____/

**PLAINTIFFS' RESPONSE TO COURT ORDER**

Pursuant to the Court's Order [D.E. 51], Depositors Insurance Company ("Depositors") and Allied Property & Casualty Insurance Company ("Allied") (collectively, "Plaintiffs"), file this supplemental brief identifying case law in which a professional services exclusion in an insurance contract has been upheld to exclude coverage when the insured itself did not itself render the professional service at issue or when the conduct causing injury was performed by an entity other than the insured (whether at the insured's direction or not).[1]

---

[1] In responding to the Court's Order, Plaintiffs' identify the following cases, without waiving their arguments that the WTA performed professional services based on the allegations in Brengle's Arbitration Demand related to the WTA:

**1.** *Jackson, Key & Assocs., LLC v. Beazley Ins. Co.*, No. 1:18-CV-00322-KD-C, 2018 U.S. Dist. LEXIS 215887, at *12 (S.D. Ala. Nov. 30, 2018) (upholding application of "Medical Services Exclusion," employing language of Plaintiffs' "Professional Services Exclusion," where the act causing the damage was performed not by the insured, and the insured was solely responsible for converting medical records, highlighting the breadth of the "arising out of" language), *report and recommendation approved at* 2018 U.S. Dist. LEXIS 215650 (Dec. 20, 2018).

**2.** *Massachusetts Bay Ins. Co. v. American Healthcare Servs. Assoc.*, 172 A.3d 1043, 1050 (N.H. 2017) (finding no coverage for the named insured healthcare staffing organization under the general liability policy's "Healthcare Professional Services" exclusion where the actual acts were performed by the hospital because, "[a]ccording the words their plain and ordinary meanings, we conclude that the healthcare professional services exclusion plainly applies to any claim that alleges bodily injury that results from the provision of medical services, regardless of whether [the named insured] performed those services."); *see also Assurance Co. of Am. v. American Registry of Radiologic Technologists*, 64 F. Supp. 3d 1289, 1301 (D. Minn. 2014) (applying exclusion to credentialing-organization insured on same underlying facts as *Massachusetts Bay*, reasoning that its credentialing was a

professional service even as physical acts causing damage were not performed by the insured).

3. *United States Fid. & Guar. Co. v. St. Elizabeth Med. Ctr.*, 716 N.E.2d 1201, 1206 (Ohio Ct. App. 1998) (upholding application of professional services to hospital that credentialed a doctor who performed actual acts, even under assumption that credentialing was not, in itself, a professional service); *see also Natural Gas Pipeline Co. v. Odom Offshore Surveys, Inc.*, 889 F.2d 633, 636 (5th Cir. 1989) (upholding application of architect-engineer-surveyor specific professional services exclusion and rejecting argument that exclusion could not apply because services were performed by non-insured employees).

4. *Energy Ins. Mut. Ltd. v. Ace Am. Ins. Co.*, 221 Cal. Rptr. 3d 711, 728-29 (Cal. Ct. App. 2017) (affirming judgment of no coverage on professional services exclusion, rejecting separation of insureds argument as to professional acts performed by another insured, despite opposing party's protestations that allegations as to that insured only concerned "ordinary, common law negligence" because, "[u]ltimately, it is the nature of the conduct" that controls).

5. *Begun v. Scottsdale Ins. Co.*, No. C-12-03649 EDL, 2013 U.S. Dist. LEXIS 191592, at *16 (N.D. Cal. May 16, 2013) (finding no coverage for directors of insured under professional services exclusion, despite the fact that they did not themselves engage in the professional services at issue), *aff'd* 613 F. App'x 643 (9th Cir. 2015).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants.

                                        HINSHAW & CULBERTSON, LLP

                                        */s/ Logan G. Haine-Roberts*
                                        Ronald L. Kammer
                                        Florida Bar No. 360589
                                        rkammer@hinshawlaw.com
                                        Logan G. Haine-Roberts
                                        Florida Bar No. 112005
                                        Lhaine-roberts@hinshawlaw.com
                                        2525 Ponce de Leon Blvd., 4th Floor
                                        Coral Gables, FL 33134
                                        Telephone: 305-358-7747
                                        Facsimile: 305-577-1063
                                        *Counsel for Depositors Insurance Company and Allied Property & Casualty Insurance Company*