UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 8:21-cv-01069-VMC-JSS

DEPOSITORS INSURANCE COMPANY et al.,

    Plaintiffs,

v.

WTA TOUR, Inc., a corporation,

    Defendant.

_____/

**UNOPPOSED MOTION FOR ENTRY OF
ORDER RESOLVING COUNT II OF PLAINTIFFS' COMPLAINT AND
ESTABLISHING DEPOSITORS' LIABILITY AS TO THE
WTA'S BREACH OF CONTRACT COUNTERCLAIM**

    Counter-plaintiff WTA Tour, Inc. (the "WTA") moves the Court for entry of an order resolving Count II of Plaintiffs' Complaint and establishing liability as to the WTA's breach of contract counterclaim. In support of this Motion, the WTA states the following:

    1.    By way of their Complaint, Plaintiffs Depositors Insurance Company ("Depositors") and Allied Property & Casualty Insurance Company ("Allied") (collectively, "Plaintiffs") sought a declaration that neither Depositors nor Allied have a duty to defend the WTA in an action brought by Madison Brengle against the WTA (the "Underlying Action"). *See* ECF No. 1.

    2.    In turn, the WTA filed a one-count breach of contract Counterclaim against Depositors, seeking damages from Depositors' failure to defend the WTA in

the Underlying Action, as the WTA maintains is required by the parties' insurance contract. *See* ECF No. 9.

3. Thus, a central issue raised through these pleadings was whether Plaintiffs have a duty to defend the WTA in the Underlying Action.

4. Upon the parties' cross motions for judgment on the pleadings, the Court found that Depositors has a duty to defend the WTA in the Underlying Action. *See* ECF No. 55 at 21-22. As a result, the Court ruled that the WTA is entitled to judgment on the pleadings as to Count I of Plaintiffs' Complaint, i.e., Depositors' declaratory judgment claim where it sought a declaration stating that Depositors has no duty to defend the WTA in the Underlying Action. *Id.*

5. The WTA's breach of contract counterclaim is premised upon Depositors' breach of its duty to defend the WTA in the Underlying Action. *See* ECF No. 9 at 17-18. Because the Court has now found that Depositors has a duty to defend the WTA in the Underlying Action, the WTA seeks entry of an order establishing that Depositors is liable for breaching its duty to defend the WTA in the Underlying Action.

6. The WTA also seeks entry of an order resolving Count II of Plaintiffs' Complaint, i.e., Allied's claim for declaratory judgment. In its ruling, the Court found that Allied has a conditional duty to defend; specifically, "it must defend only once the Depositors' Primary Policy is exhausted." ECF No. 55 at 7 n.2. Thus, the WTA respectfully suggests that an order should be entered consistent with this finding, which will fully resolve Count II of Plaintiffs' Complaint.

7. In view of the Court's ruling – and while expressly reserving their appellate rights – Plaintiffs do not oppose the entry of the order requested by the WTA.[1]  A copy of the Proposed Stipulated Order Resolving Count II of Plaintiffs' Complaint and Establishing Liability as to the WTA's Breach of Contract Counterclaim is attached hereto as **Exhibit A** (the "Stipulated Order").

8. Proceeding in this manner is in the interest of judicial efficiency and economy as it will eliminate unnecessary motion practice on issues already addressed and ruled on by this Court.

9. It will also narrow the issues remaining in this litigation.  Upon entry of the Stipulated Order, the only pre-judgment issue remaining will be the determination of the WTA's damages.  And, following final judgment, a subsequent award of fees associated with this litigation pursuant to Fla. Stat. § 627.428.

**WHEREFORE** the WTA respectfully requests that the Court enter the Stipulated Order and grant such further and additional relief as this Court deems just and proper.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for the WTA has conferred with counsel for Plaintiffs and Plaintiffs do not oppose the entry of the Stipulated Order.

Dated: January 10, 2022

---

[1] Upon final judgment, Plaintiffs preserve the right to appeal the Court's ruling on the cross motions for judgment on the pleadings and the subsequent findings as to Allied's conditional duty to defend and Depositors' liability for the WTA's counterclaim.  The WTA, in turn, agrees not to assert that Plaintiffs have waived their rights to appeal.

/s/Jared M. DuBosar
Matthew Triggs
Florida Bar No. 865745
Jared M. DuBosar
Florida Bar No. 1011630
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421A
Boca Raton, FL 33431
Tel: (561) 241-7400
Fax: (561) 241-7145
E-Mail: mtriggs@proskauer.com
E-Mail: jdubosar@proskauer.com
Secondary: florida.litigation@proskauer.com

John E. Failla*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: jfailla@proskauer.com
*Admitted *Pro Hac Vice*.

*Attorneys for Defendant WTA Tour, Inc.*